**Abdoulaye Aliou DIA, Petitioner,**

**v.**

**Peter D. KEISLER,[1] Respondent.**

**No. 07–0656–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 27, 2007.

Khagendra Gharti–Chhetry, Chhetry & Associates, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Janice K. Redfern, Attorney, Heather S. Navarro, of Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Abdoulaye Dia, allegedly a native and citizen of Mauritania, seeks review of a January 31, 2007, order of the BIA affirming the June 6, 2005, decision of Immigration Judge ("IJ") Gabriel C. Videla denying Dia's applications for asylum,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdoulaye Dia*, No. A78 659 360 (B.I.A. Jan. 31, 2007), *aff'g* No. A78 659 360 (Immig. Ct. N.Y. City Jun. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't. of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. I.N.S.*, 359 F.3d 121, 129 (2d Cir.2004).

■ We conclude that the agency's adverse credibility determination was proper. The IJ found that the birth extract that Dia submitted, which was purportedly issued by the Mauritanian government to his father in 1992, was inconsistent with Dia's testimony that his father left Mauritania in 1990 and never returned. Indeed, the extract, which was allegedly issued in Nouackchott, Mauritania, provides that Dia's birth was registered in 1992 and that the document was prepared "under the declaration of [Dia's] father." However, Dia testified that his father did not return to Mauritania after he was expelled from the country in 1990. The IJ properly reasoned that this inconsistency indicated either that the document was not authentic, or that Dia's father was actually in Mauritania in 1992, undermining Dia's claim that his father never returned to Mauritania because he was afraid to do so. While Dia explained that he was not aware that his father was present when his birth was registered and that he did not know how his uncle, who had sent him the document, obtained it, the IJ properly refused to credit that explanation, because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). This was a substantial inconsistency that goes to the heart of Dia's claim because it calls into question his assertion that the authorities would kill him or put him in jail if he returned to Mauritania. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308–09 (2d Cir.2003). Accordingly, it provides substantial evidence for the IJ's adverse credibility finding.

■ In light of Dia's questionable birth extract, the IJ observed that he "has not even established his identity let alone his nationality before the Court." Indeed, the only identification documents submitted by Dia were his birth extract and a card purportedly issued by the Thilogne Refugee Camp in Senegal. As demonstrated above, the birth extract was not reliable in establishing Dia's identity, as it contained an unexplained inconsistency that was material to Dia's claim. Moreover, the IJ gave little weight to the refugee identity card, finding Dia's lack of familiarity with it suspect—while the card is green, Dia testified that it was blue. Dia's inability to identify the color of the card provided a proper basis for the IJ to find that it bore little probative value in establishing his identity, as it called into question whether the card was truly his. *See Xiao Ji Chen v. U.S. Dep't. of Justice*, 471 F.3d 315, 342

(2d Cir.2006) (finding that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

An asylum applicant's nationality is a threshold question in determining his eligibility for asylum, *see Wangchuck v. Dep't. of Homeland Security,* 448 F.3d 524, 528 (2d Cir.2006), and it is his burden to establish that eligibility, *see* 8 C.F.R. § 1208.13(a); *Osorio v. I.N.S.,* 18 F.3d 1017, 1021–22 (2d Cir.2004). Because Dia was unable to establish his identity through his testimony, which the IJ had found not to be credible, or through the documents mentioned above, it was reasonable for the IJ to expect other documents to corroborate Dia's identity. *See Xiao Ji Chen,* 471 F.3d at 341. However, Dia failed to submit other documents to corroborate his identity, and thus, was unable to meet his burden of proof. *See* 8 C.F.R. § 1208.13(a).

The IJ's conclusions that Dia was not credible and that he failed to meet his burden of proving his identity are supported by the record and are dispositive of Dia's claims for relief. Therefore, it is unnecessary to review the IJ's discretionary denial of Dia's claim or the IJ's finding that Dia obtained safe haven in Senegal.

Because the only evidence of a threat to Dia's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003). Likewise, Dia's claim for CAT relief, which was based on the same factual predicate, also fails. *See Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).